IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CLIFTON S. PORTERFIELD, )
)
Petitioner, )
)
v. )      CV 116-084
)      (Formerly CR 111-187)
UNITED STATES OF AMERICA, )
)
Respondent. )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Clifton S. Porterfield filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

I.    **BACKGROUND**

On May 4, 2011, a grand jury in the Southern District of Georgia charged Petitioner with one count of bank robbery by force, violence, and intimidation, in violation of 18 U.S.C. § 2113(a), and one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). United States v. Porterfield, CR 111-187, doc. no. 1 (S.D. Ga. May 4, 2011) (hereinafter "CR 111-187"). The Court appointed counsel under the Criminal Justice Act to represent Petitioner, and on August 24,

2011, Petitioner pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a), and the remaining count of felon in possession of a firearm and ammunition was dismissed. Id., doc. nos. 36, 37.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty, Criminal History Category at VI, and Guidelines imprisonment range at 168 to 210 months. PSI ¶ 62. Petitioner's Base Offense Level for bank robbery under 18 U.S.C. § 2113(a) was twenty, but specific offense characteristics raised Petitioner's Adjusted Offense Level to thirty-three. PSI ¶¶ 20-26. Although Petitioner was designated a career offender under U.S.S.G. § 4B1.1, the offense level of thirty-two applicable under § 4B1.1 was not applied because the offense level otherwise applicable of thirty-three is greater. PSI ¶ 27. Petitioner's Adjusted Offense Level decreased three points to thirty based on Petitioner's acceptance of responsibility. PSI ¶¶ 27-29. The statutory maximum term of imprisonment for Petitioner's offense is twenty years. 18 U.S.C. § 2113(a); PSI ¶ 62.

No objections were filed to the PSI, and at sentencing on January 13, 2012, United States District Judge J. Randal Hall imposed a sentence of 210 months of imprisonment. CR 111-187, doc. no. 41. Petitioner did not file an appeal.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to

another." 18 U.S.C. § 924(e)(2)(B)(ii). In <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held <u>Johnson</u> is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that his sentence was enhanced under § 924(e) and because of <u>Johnson</u>, he is entitled to be resentenced without the enhancement. (<u>See generally</u> doc. no. 1.)

## II. DISCUSSION

<u>Johnson</u> does not apply to Petitioner's case because Petitioner was not sentenced under the ACCA. As a consequence of his guilty plea, Count Two charging Petitioner as a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) was dismissed. However, Petitioner was sentenced as a career offender under § 4B1.1 of the advisory sentencing guidelines. PSI ¶ 27. Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2),'" <u>Johnson</u> does not apply to career offender enhancements under the sentencing guidelines. <u>United States v. Matchett</u>, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." <u>Id.</u> As Petitioner's sentence was not based on application of the ACCA's residual clause, <u>Johnson</u> is inapplicable.

Even if <u>Johnson</u> was applicable to the career offender enhancement under the sentencing guidelines, it would afford Petitioner no relief. Here, the career offender enhancement did not actually result in an increased sentence for Petitioner because his

offense level was not enhanced under § 4B1.1. As explained above, Petitioner's adjusted offense level of thirty-three was higher than the offense level of thirty-two determined under U.S.S.G. § 4B1.1. PSI ¶¶ 26, 27. Thus, Petitioner would be entitled to the same guideline range regardless of whether or not the career offender enhancement was applicable to him. Accordingly, Petitioner's claim is without merit even if Johnson was applicable to the career offender designation under the sentencing guidelines, which it is not.

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of June, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA